BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Assistant United States Attorney
Acting Chief, Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    E-mail: alexander.p.robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-692-MEMF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ADRIAN ANDREW MARTINEZ, | **INDICTMENT DATE:** Aug. 20, 2025<br>**CURRENT PTC DATE:** February 11, 2026<br>**CURRENT TRIAL DATE:** February 23, 2026<br>**CURRENT STA DEADLINE:** February 23, 2026 |
| Defendant. | |
| | **PROPOSED PTC DATE:** April 29, 2026<br>**PROPOSED TRIAL DATE:** May 11, 2026 |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Alexander P. Robbins, and defendant ADRIAN ANDREW MARTINEZ ("defendant"), both individually and by and through his counsel of record, hereby stipulate as follows:

    1.    The Indictment in this case was filed on August 20, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 21, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 30, 2025.

2. On August 21, 2025, the Court set a trial date of October 6, 2025, and a pretrial conference date of September 4, 2025. On September 15, 2025, by stipulation of the parties, the Court set a trial date of February 23, 2026, and a pretrial conference date of February 11, 2026.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 2 days.

4. By this stipulation, defendant moves to continue the trial date to May 11, 2026, at 8:30 a.m., and the final pre-trial conference date to April 29, 2026, at 10:00 a.m. This is the second request for a continuance.

5. By this stipulation, the parties also request the following briefing schedule:

   a. All pretrial motions other than motions *in limine* shall be filed by February 5, 2026. Oppositions to such motions shall be filed by February 26, 2026. Replies shall be filed by March 11, 2026. All pretrial motions other than motions *in limine* shall be heard on March 26, 2026.

   b. Motions *in limine* and notices required by Rule 12, 12.1 and 12.2 shall be filed by April 1, 2026. Oppositions to motions *in limine* shall be filed by April 15, 2026. There shall be no replies. The motions *in limine* will be heard at the pre-trial conference on April 29, 2026.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 372: Conspiracy to Impede a Federal Officer. The government has made an initial discovery production to the defense, including two videos and various reports.

   b. Defense counsel states there is good cause as set forth in Exhibit A. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny

1  him reasonable time necessary for effective preparation, taking into account the exercise of due
2  diligence.
3        d.    Defendant believes that failure to grant the continuance will deny him continuity
4  of counsel and adequate representation.
5        e.    The government does not object to the continuance.
6        f.    The requested continuance is not based on congestion of the Court's calendar,
7  lack of diligent preparation on the part of the attorney for the government or the defense, or failure on
8  the part of the attorney for the Government to obtain available witnesses.
9      7.    For purposes of computing the date under the Speedy Trial Act by which defendant's
10 trial must commence, the parties agree that the time period from the date of this filing to May 11, 2026,
11 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv)
12 because the delay results from a continuance granted by the Court at defendant's request, without
13 government objection, on the basis of the Court's finding that: (i) the ends of justice served by the
14 continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant
15 the continuance would be likely to make a continuation of the proceeding impossible, or result in a
16 miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant
17 continuity of counsel and would deny defense counsel the reasonable time necessary for effective
18 preparation, taking into account the exercise of due diligence.
19     8.    In addition, the parties agree that the time period of February 5, 2026, to March 26,
20 2026, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a
21 delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of
22 the motion.
23 //
24 //
25 //

Doc ID: fe5e4f4a898c510dd0c50c7540cc16632dfa4628

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 20, 2025

Respectfully submitted,

*Alexander P. Robbins*

ALEXANDER P. ROBBINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: November 20, 2025

*Christopher Miller*

CHRISTOPHER S. MILLER
Attorney for Defendant
ADRIAN ANDREW MARTINEZ

Doc ID: fe5e4f4a898c510dd0c50c7540cc16632dfa4628

I am ADRIAN ANDREW MARTINEZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 23, 2026, is an informed and voluntary one.

*Christopher Miller*                    11 / 20 / 2025
CHRISTOPHER MILLER                      Date
GARRETT R. MILLER
Attorneys for Defendant
ADRIAN ANDREW MARTINEZ

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 23, 2026. I understand that I will be ordered to appear in Courtroom 8B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California at 8:30 a.m. on May 11, 2026.

*Adrian Martinez*                       11 / 20 / 2025
ADRIAN ANDREW MARTINEZ                  Date
Defendant

Doc ID: fe5e4f4a898c510dd0c50c7540cc16632dfa4628

**Exhibit A**

Defense counsel states that, "In addition to our pretrial calendar, we currently have a multi-defendant homicide trial set in state court for 12/2/25. Based on our current schedule and obligations, additional time is needed to draft and file our pretrial motions in this case."