TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Deputy Chief, Criminal Appeals Section
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-2400
     E-mail:    alexander.p.robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-692-MEMF |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| v. | |
| ADRIAN ANDREW MARTINEZ, | |
| Defendant. | |

Plaintiff United States of America hereby submits its response in opposition to defendant's motion to dismiss the indictment against him with prejudice and to disqualify First Assistant United States Attorney Bilal A. Essayli.  (MTD, Dkt. 32.)[1]

//

//

---

[1] The defense motion in this case has been transferred to U.S. District Judge J. Michael Seabright of the District of Hawaii.  Order of the Chief Judge 25-126, U.S. District Court for the Central District of California (Sept. 8, 2025). (*See* Dkt. 36.)

The government's opposition is based on the attached memorandum, the files and records in these cases, and any other evidence that the Court may consider.

Dated: June 10, 2026                          Respectfully submitted,

                                              /s/ Alexander P. Robbins

                                              ALEXANDER P. ROBBINS
                                              Assistant United States Attorney
                                              Attorney for Plaintiff
                                              UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant moves to dismiss his indictment on the ground that Bilal A. Essayli was not validly serving as the Acting United States Attorney for the Central District of California under the Federal Vacancies Reform Act, 5 U.S.C. § 3345(a)(1), based on this Court's consolidated decision in the cases of Jaime Hector Ramirez ("Ramirez") (Case No. 5:25-cr-264-SSS), Ismael Garcia, Jr. ("Garcia") (Case No. 2:25-cr-655-MEMF), and Ronny Rojas ("Rojas") (Case No. 2:22-cr-573-FWS). (MTD 10.) *See United States v. Ramirez*, 807 F. Supp. 3d 1086, 1091 (C.D. Cal. Oct. 28, 2025), *reconsideration denied*, 812 F. Supp. 3d 1011.[2]

Although district court decisions are not binding precedent, *cf. Ramirez*, 807 F. Supp. 3d at 1112 n.26, defendant and the government agree that this Court should follow its decision in *Ramirez* (MTD 10 ("Adrian does not ask the Court to reconsider its prior findings or revisit the disqualification determination."), unless and until there is an intervening change in law (e.g., if the Ninth Circuit issues a precedential opinion in *United States v. Jackson, et al.*, Case No. 25-6214).

That point of agreement forecloses defendant's argument. This Court held in *Ramirez* that Mr. Essayli "is disqualified from participating in defendants' prosecutions as Acting United States Attorney, but remains the First Assistant." 807 F. Supp. 3d at 1112 (capitalization altered). He therefore "cannot continue to perform any role as Acting United States Attorney, including prosecuting or supervising [] cases in that role," but there is "no basis to preclude [him] from performing the lawful duties of a FAUSA[,] [a]nd in *that* capacity, he [can] supervise [] prosecutions (even though he cannot do so as Acting United States Attorney)." *Id.* (emphasis in original). This Court has applied its holding in *Ramirez* in a subsequent case raising the same issue. *See United States v. Banks, et al.*, 24-CR-621-MWF, Dkt. 320 ("Mr. Essayli may continue to supervise Banks' prosecution in his role as Special Attorney and the First Assistant United States Attorney for the Central District.").

Here, as in *Banks*, defendant fails "to explain how his particular case is distinguishable from the ruling in *Ramirez*." *Id.* Dkt. 284. Indeed, nowhere in his motion does he argue that Mr. Essayli

---

[2] The indictment in this case was returned on August 20, 2025—after Mr. Essayli resigned as interim U.S. Attorney on July 29, *see* 807 F. Supp. 3d at 1093, and before this Court decided *Ramirez* on October 28.

performed any official act particular to the office of United States Attorney.  (*See, e.g.*, Gov't 28(j) letter in *Jackson*, Dkt. 57 (offering examples of "legal duties [that] are entrusted to U.S. Attorneys specifically," citing 18 U.S.C. § 3731 and 26 U.S.C. § 6103(i)(1)(B)).)  Defendant simply claims "that Mr. Essayli was directly involved in advocating for and personally assuring the charging and resulting indictment in this case."  (MTD 11.)

But even if Mr. Essayli was personally involved in the charging decision in this case, *compare Ramirez*, 807 F. Supp. 3d at 1109 n.23, defendant does not allege that Mr. Essayli took any action that he could not have taken as the FAUSA—or, for that matter, as a supervisory AUSA.  (*See* MTD 9–10.)  This Court's decision in *Ramirez* forecloses defendant's charging-participation theory.  Whether Mr. Essayli "advocat[ed] for" a charge is immaterial because, as the Court already recognized, charging a case by presenting an indictment is a delegable task, and thus not the performance of a nondelegable "function or duty" under 5 U.S.C. § 3348.  *Ramirez*, 807 F. Supp. 3d at 1107 ("And here, the *Ramirez* and *Garcia* indictments did not result from duties or functions that *only* Essayli could have performed; they were obtained by AUSAs after presentment to a grand jury, and signed by AUSAs (not by Essayli) exercising powers delegated from the Attorney General.").  Defendant's two potentially relevant citations are a tweet/X post from Mr. Essayli warning people not to attack federal law-enforcement officers (MTD 8 n.2) and an article from Bloomberg Law (MTD 9 n.3) claiming that Mr. Essayli "pursu[ed] MAGA-aligned cases" and a "culture war with California."[3]  But First Assistant Essayli is also capable of posting on social media, *see* https://x.com/USAttyEssayli, and the article mentions nothing he did that is particular to the office of U.S. Attorney.  What's more, the article actually discusses the time period during which Mr. Essayli served as *interim* U.S. Attorney under 28 U.S.C. § 546—an appointment whose validity is not in question.  *See Ramirez*, 807 F. Supp. 3d at 1095–96.[4]  So defendant is wrong when he claims that "[t]he legality of Mr. Essayli's service as acting U.S.

---

[3] Ben Penn & Maia Spoto, "Trump's LA Prosecutor Orders Cases His Staff Say Lack Evidence," Bloomberg Law (July 29, 2025), *available at* https://news.bloomberglaw.com/us-law-week/trumps-la-prosecutor-orders-cases-his-staff-say-lack-evidence.

[4] *See id.* at 1092 ("Essayli becomes Interim United States Attorney.  His term is limited by statute to 120 days.  *See* 28 U.S.C. § 546(c)(2).  Measured from April 2, it would expire on July 31."); *see also* Penn & Spoto, *supra* ("After this article published, a DOJ spokesperson said that Essayli will be resigning as interim US attorney as soon as Tuesday, just as his term is about to expire.").

Attorney during June 2025, the timeframe at issue in this case, has been deemed unlawful." (MTD 10.) To the contrary, June 2025 is the time period when his service was undisputedly lawful. But in all events—whether looking at the period before July 29 when Mr. Essayli was lawfully serving as interim U.S. Attorney or the period after July 29 when Mr. Essayli was lawfully serving "as Special Attorney and the First Assistant United States Attorney," *Banks* Dkt. 320—defendant comes nowhere close to laying out a coherent claim that the charges in this case or the prosecution of this case "result[ed] from duties or functions that *only*" the U.S. Attorney "could have performed." *Ramirez*, 807 F. Supp. 3d at 1107 (emphasis in original).

In short, as in *Banks*, defendant fails to distinguish his case from *Ramirez* in any legally significant way. As this Court has already held, Mr. Essayli "was properly appointed as a Special Attorney and designated as the FAUSA for the Central District." *Ramirez*, 807 F. Supp. 3d at 1112. This Court's conclusion that Mr. Essayli was ineligible to serve as Acting U.S. Attorney under the FVRA does not mean he cannot prosecute and supervise cases in the Central District of California. Mr. Essayli had the same authority as First Assistant in August 2025 that he has now—and that he would have now *even if* he had been validly serving as Acting U.S. Attorney under the FVRA and his tenure had expired after 210 days. *See* Gov't Supp. 5, *Ramirez* Dkt. 50 ("When a First Assistant U.S. Attorney who is serving as Acting U.S. Attorney's time expires under 5 U.S.C. § 3346, he is not expelled from the office. He does not become uniquely unable—among all the other DOJ lawyers in the office—to supervise other lawyers, or to participate in the prosecution of criminal cases.").

First Assistant Essayli could lawfully supervise this case in August 2025, and he can lawfully supervise it now. The motion should be denied.

3