IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN ANDREW MARTINEZ,<br><br>Defendant. | Case No. 2:25-cr-692-MEMF<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>TO DISMISS INDICTMENT |

### ORDER DENYING DEFENDANT'S MOTION
### TO DISMISS INDICTMENT

## I.  INTRODUCTION

Defendant Adrian Andrew Martinez ("Martinez") seeks dismissal of his indictment on the ground that the charging decision in his case was directly influenced by Bilal Essayli ("Essayli"), whose service as Acting United States Attorney for the Central District of California was held to be unlawful in *United States v. Ramirez*, 807 F. Supp. 3d 1086 (C.D. Cal. 2025).  Essayli's alleged involvement, however, was within the supervisory and prosecutorial authority he held pursuant to other valid appointments.  Accordingly, Martinez's motion is DENIED.

## II.  BACKGROUND

### A.    Essayli's Tenure

Essayli began serving as interim United States Attorney for the Central District of California on April 2, 2025, pursuant to an appointment by the Attorney General under 28 U.S.C. § 546(a).  *Ramirez*, 807 F. Supp. 3d at 1092.  Service in the interim role is limited by statute to 120 days.  *Id.* (citing 28 U.S.C. § 546(c)(2)).  Measured from April 2, 2025, Essayli's lawful tenure as interim United States Attorney would end on July 31, 2025.  *Id.*

On July 29, 2025, the Attorney General issued an order appointing Essayli as a special attorney and designating him the First Assistant United States Attorney ("FAUSA") for the district, both effective "upon his resignation as United States Attorney."  *Id.* at 1093.  The same day, Essayli resigned from the interim role and became a special attorney and the FAUSA.  *See id*.

The Attorney General's order also asserted that as the FAUSA, Essayli would "have authority to serve as Acting United States Attorney" upon his resignation from the interim role.  *Id.*  This court rejected that interpretation of the governing statutes in *Ramirez*, concluding that Essayli's service as Acting United States Attorney was "unlawful and [had] been unlawful since it began."  *Id.* at 1105.  Essayli's appointment as a special attorney and his designation as

2

the FAUSA, however, were upheld.  *See United States v. Ramirez*, 812 F. Supp. 3d 1011, 1016 (C.D. Cal. 2025) ("*Ramirez II*").

**B.     Martinez's Case**

Martinez was involved in a confrontation with federal immigration officers on June 17, 2025.  *See* ECF No. 18 at PageID#53–54 (indictment); ECF No. 32 at PageID#122–123 (motion to dismiss).  According to Martinez's motion, the government initially considered charging him with assaulting one of the officers, but quickly "abandon[ed] the assault theory" following a review of video footage and other evidence.  ECF No. 32 at PageID#123–124 (citing Ben Penn & Maia Spoto, *Trump's LA Prosecutor Orders Cases His Staff Say Lack Evidence*, Bloomberg Law (July 29, 2025), https://news.bloomberglaw.com/us-law-week/trumps-la-prosecutor-orders-cases-his-staff-say-lack-evidence).  The motion asserts that Essayli then "personally intervened" in the case to ensure that charges were brought against Martinez.  *Id.* at PageID#125–126.  Two days after the confrontation, Martinez was charged by criminal complaint with one count of conspiracy to impede a federal officer.  *See* ECF No. 1.  A grand jury indictment followed two months later, on August 20, 2025.  *See* ECF No. 18.

Martinez filed the instant motion to dismiss on May 14, 2026.  ECF No. 32.  The government filed an opposition on June 10, 2026.  ECF No. 41.  Martinez was allowed to file a reply, *see* ECF No. 37, but he did not.  The court

decides the motion without a hearing pursuant to Local Rule 7-15, made applicable to criminal proceedings through Local Criminal Rule 57-1.

### III.  STANDARD OF REVIEW

A pretrial motion to dismiss criminal charges is governed by Federal Rule of Criminal Procedure 12(b), which permits the assertion of "any defense, objection, or request that the court can determine without a trial on the merits."  Permissible bases for a Rule 12(b) motion include "a defect in instituting the prosecution"—for example, selective or vindictive prosecution or errors in the grand-jury proceeding.  Fed. R. Crim. P. 12(b)(3).  A Rule 12(b) motion may also be based on a "defect in the indictment or information," *id.*, such as where an indictment is not "signed by an attorney for the government" as required by Federal Rule of Criminal Procedure 7(c).

A Rule 12(b) motion "is generally 'capable of determination' before trial if it involves questions of law rather than fact."  *United States v. Short Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (quoting *United States v. Korn*, 557 F.2d 1089, 1091 n.3 (5th Cir. 1977)).  A district court may, however, make preliminary factual findings "necessary to decide the questions of law" raised in a Rule 12(b) motion so long as the findings do not bear on the issue of guilt.  *Id.* (quoting *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976)).

## IV.  <u>DISCUSSION</u>

The motion argues that the case against Martinez was irreparably tainted by Essayli's direct involvement in the charging decision while he was unlawfully serving as Acting United States Attorney.  ECF No. 32 at PageID#127.  This argument rests on a mistake of fact:  The criminal complaint in this case was filed *before* Essayli unlawfully assumed the role of Acting United States Attorney—that is, it was filed while he was still lawfully serving as *interim* United States Attorney.  And although the indictment was filed after Essayli had unlawfully assumed the acting role, he continued to lawfully hold prosecutorial and supervisory authority as the FAUSA.

### A.     Validity of the Criminal Complaint

The criminal complaint against Martinez was filed on June 19, 2025.  *See* ECF No. 1.  At that time, Essayli was lawfully serving as interim United States Attorney and the 120-day limit on his tenure in that role had not elapsed.  *See Ramirez*, 807 F. Supp. 3d at 1092 (stating that Essayli began serving as interim United States Attorney on April 2, 2025, and that his tenure would expire on July 31, 2025).  As interim United States Attorney, Essayli had discretion over "the decision whether to prosecute, and the decision as to the charge to be filed."  *United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986); *see also United States v. Gantt*, 194 F.3d 987, 999 n.5 (9th Cir. 1999)

(stating that interim United States Attorneys are "fully-empowered United States Attorneys, albeit with a specially limited term"), *overruled on other grounds by United States v. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc).  As a result, the mere fact that Essayli was directly involved in the charging decision would not undermine the validity of the complaint.

## B.      Validity of the Indictment

The indictment was filed on August 20, 2025.  *See* ECF No. 18.  By that time, Essayli had resigned from the interim role and was unlawfully serving as Acting United States Attorney.  *See Ramirez*, 807 F. Supp. 3d at 1091, 1093.  He was, however, also serving as the FAUSA pursuant to lawful exercises of the Attorney General's "'power to appoint subordinate officers to assist [her] in the discharge of [her] duties' . . . and to delegate her authority to such officers." *Ramirez II*, 812 F. Supp. 3d at 1016 (quoting *United States v. Nixon*, 418 U.S. 683, 694 (1974)); *see also* 28 U.S.C. § 510.  In that role, Essayli held delegated authority to "conduct any kind of legal proceeding . . . including grand jury proceedings."  28 U.S.C. § 515(a).  Accordingly, even assuming that Essayli was personally involved in the grand jury proceeding in this case, his mere involvement would not render the indictment invalid.

Likewise, Essayli's improper use of the title "Acting United States Attorney" in the signature block of the indictment does not undermine its

6

validity.[1]  *See* ECF No. 18 at PageID#54.  Even if Essayli had personally signed the indictment, his signature would satisfy Rule 7(c)'s requirement that an indictment be "signed by an attorney for the government," because he was lawfully serving as the FAUSA.  In any case, the signature on the indictment does not appear to be Essayli's.  *See id.*

## C.    Request for Discovery

Finally, the motion requests discovery "to determine the nature and scope" of Essayli's "role in initiating, encouraging, directing, approving, or otherwise materially influencing the prosecution" of Martinez.  ECF No. 32 at PageID#131.  But the motion challenges Essayli's authority to participate at all in the prosecution, and that challenge is rejected based on conclusions of law unrelated to the nature, scope, or extent of his participation.  The request for discovery is therefore DENIED.

## V.  <u>CONCLUSION</u>

Martinez's motion is premised on the assertion that this court "has already determined" that Essayli "lacked lawful authority to act."  *Id.* at PageID#127.  That assertion overstates this court's decision in *Ramirez*, which held that Essayli lacked lawful authority to perform the exclusive "functions and

---

[1]  In addition to Essayli's name and title, the signature block also lists Assistant United States Attorneys Christina T. Shay and Alexander P. Robbins.

duties *of the United States Attorney*" after he resigned from the interim role and unlawfully assumed the acting role. *See* 807 F. Supp. 3d at 1114 (emphasis added). Essayli's alleged actions in this case do not conflict with *Ramirez*. Accordingly, the motion is DENIED.[2]

IT IS SO ORDERED.

DATED: June 24, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

[2] Although Martinez's motion suggests that Essayli had a "personal interest, both politically and otherwise" in this case because it arose from immigration enforcement actions that were "the subject of much political and legal debate at the time," ECF No. 32 at PageID#127, the motion does not argue that the decision to prosecute Martinez was selective or vindictive, *see* Fed. R. Crim. P. 12(b)(3)(A)(iv).