TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Deputy Chief, Criminal Appeals Section
Assistant United States Attorney
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2400
E-mail: alexander.p.robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME HECTOR RAMIREZ,<br><br>Defendant. | No. 5:25-cr-264-SSS |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL GARCIA, JR.,<br><br>Defendant. | No. 2:25-cr-655-MEMF |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONNY ROJAS,<br><br>Defendant. | No. 2:22-cr-573-FWS-2 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff, | No. 2:24-cr-621-MWF-6 |

| | |
|---|---|
| v.<br><br>DURK BANKS,<br><br>Defendant. | |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN ANDREW MARTINEZ,<br><br>Defendant. | No. 2:25-cr-692-MEMF |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TU ANH TRAN, et al.<br><br>Defendant. | No. 8:25-cr-250-JVS-1 |

GOVERNMENT'S NOTICE OF NEW AUTHORITY

Plaintiff United States of America hereby submits this notice of recently decided authority—*United States v. Jackson, et al.*, C.A. No. 25-6214, —F.4th—, 2026 WL 2387099 (Aug. 17, 2026)—which may be relevant to the disqualification motions filed in these cases.

1. Each of the motions in these cases was referred to Judge Michael Seabright of the District of Hawaii, as required by the orders of Chief Circuit Judge Murguia and Chief District Judge Gee.[1] To the

[1] *See* Order of the Chief Judge 25-126, U.S. District Court for the Central District of California (Sept. 8, 2025), *Ramirez* Dkt. 25, *Garcia* Dkt. 24; *Rojas* Dkt. 259, *Banks* Dkt. 236, *Martinez* Dkt. 33 ("all district judges of the United States District Court for the Central District of California shall be recused from hearing motions concerning the disqualification of Acting United States Attorney Bilal A. Essayli," and "all motions concerning the disqualification of Acting United States Attorney Bilal A. Essayli shall be transferred to the Honorable J. Michael Seabright of the United States District Court for the District of Hawaii in accordance with the Honorable Mary H. Murguia's designation order"); *see also* Order of the Chief Judge 26-34, U.S. District Court for the Central District of California (June 24, 2026), *Tran* Dkt. 48 (same); *see also* 28 U.S.C. § 455(a).

best of government counsel's knowledge, these are the six pending cases where a defendant has moved to disqualify Mr. Essayli from supervising their prosecutions.[2]

2. In *United States v. Ramirez*, 807 F. Supp. 3d 1086 (C.D. Cal. Oct. 28, 2025), *reconsideration denied*, 812 F. Supp. 3d 1011, this Court held that Bilal A. Essayli "is disqualified from participating in defendants' prosecutions as Acting United States Attorney, but remains the First Assistant." 807 F. Supp. 3d at 1112 (capitalization altered). The Court concluded that the Federal Vacancies Reform Act—which the government had relied on to contend that First Assistant Essayli had become Acting U.S. Attorney by operation of 5 U.S.C. § 3345(a)(1)—did not extend to someone (like Essayli) who had been designated First Assistant *after* the office of United States Attorney became vacant. This Court further concluded that, as a result, he could not "continue to perform any role as Acting United States Attorney, including prosecuting or supervising [] cases in that role." *Id.* But as the government pointed out in its supplemental briefing—which the Court requested on the issues of remedies—someone who is (or becomes) ineligible to serve as an acting officer under the FVRA does not automatically lose his permanent office. Essayli still lawfully works here. *See* Gov't Supp. 5, *Ramirez* Dkt. 50 ("When a First Assistant U.S. Attorney who is serving as Acting U.S. Attorney's time expires under 5 U.S.C. § 3346, he is not expelled from the office. He does not become uniquely unable—among all the other DOJ lawyers in the office—to supervise other lawyers, or to participate in the prosecution of criminal cases."). The only basis to claim that Essayli is not properly serving in the U.S. Attorney's Office *at all* would be that his appointment as a Special Attorney under 28 U.S.C. § 515(a) was somehow invalid, *contra United States v. Nixon*, 418 U.S. 683, 694 (1974), an argument which the defense has already advanced in these cases and which this Court rejected in its denial of reconsideration. *See* 812 F. Supp. 3d at 1015.

Accordingly, because Mr. Essayli "was properly appointed as a Special Attorney and designated as the FAUSA for the Central District," this Court held that there was "no basis to preclude Essayli from performing the lawful duties *of a FAUSA*." *Ramirez*, 807 F. Supp. 3d at 1112 (emphasis added). "And in *that* capacity, he could supervise these prosecutions (even though he cannot do so as Acting

[2] Final judgment has been issued in *United States v. Terrazas*, No. 5:25-cr-500-PA.

United States Attorney)." *Id.* As this Court explained, Essayli would not be (and under the Court's holding cannot be) "continu[ing] to wield the U.S. Attorney's powers," *id.* at 1113, even if the office of U.S. Attorney remains vacant. Department of Justice lawyers (including AUSAs) "derive their power to prosecute directly from the Attorney General, not from a United States Attorney," and "the statutes and regulations that establish the structure of the Department of Justice . . . permit the delegation of many—if not most—of the Attorney General's duties," allowing "AUSAs to perform duties that are not exclusive to the office of the United States Attorney." *Id.*

3. On August 17, 2026, a panel of the Ninth Circuit issued a published opinion in an appeal from a disqualification order under the FVRA issued in the District of Nevada. *See* 2026 WL 2387099. Like this Court, the Nevada district court had rejected the government's principal argument under 5 U.S.C. § 3345(a)(1), and had disqualified the (putative) Acting U.S. Attorney in Nevada "from participating in or supervising their cases." *United States v. Garcia*, 2025 WL 2784640, *18 (D. Nev. 2025). Unlike this Court, the Nevada district court did not address (and, according to the court, the government did not raise) the validity of the Acting U.S. Attorney's continued service in the office or whether she had the authority to prosecute or supervise cases in any other capacity. *Id.* ("Defendants argue in the alternative that Ms. Chattah should be disqualified from participating in or supervising their cases. The government does not address this argument other than opposing disqualification of the entire U.S. Attorney's Office for the District of Nevada.").

The Ninth Circuit affirmed the Nevada decision. The court of appeals spent the majority of its discussion agreeing with this Court's § 3345(a)(1) analysis, *see* 2026 WL 2387099, at *3–11, and also briefly addressed (and rejected) the argument "that the Attorney General validly delegated to [Chattah] the authority to oversee the U.S. Attorney's office," *id.* at *11. On the latter point, the court of appeals agreed with this Court's analysis that § 3347's "general delegation" bar prevents the Attorney General from using the "general delegation statutes governing the Department of Justice . . . to appoint Chattah as a de facto U.S. Attorney despite her ineligibility under the FVRA." *Id.* at *12; *compare Ramirez*, 807 F. Supp. 3d at 1104 ("Because the provisions upon which Attorney General Bondi's order relied

are general delegation provisions, Defendants argue that the order did not lawfully authorize Essayli's service as Acting United States Attorney. . . . The court agrees.").[3]

Ultimately, the court of appeals rejected the government's argument in the Nevada case that the Attorney General could use general delegation statutes to install a "de facto U.S. Attorney." *Jackson*, 2026 WL 2387099, at *3 ("The Attorney General therefore cannot rely on general delegation statutes to make Chattah the de facto U.S. Attorney."); *id.* at *11 ("The general delegation statutes governing the Department of Justice do not allow the Attorney General to appoint Chattah as a de facto U.S. Attorney despite her ineligibility under the FVRA."). The court acknowledged "that the Attorney General has broad authority to designate individuals to perform certain functions and duties of a vacant office," *id.* at *12, but held that the "Attorney General's unqualified delegation of *all* of the U.S. Attorney's functions and duties to a single person is precisely the kind of de facto appointment of an acting officer, premised on the Attorney General's general authority to delegate duties, that section 3347(b) prohibits," *id.* at *13 (emphasis added, cleaned up). It rejected as "meaningless" the government's proffered "distinction between an acting official and one exercising a vacant office's powers by delegation," at least "where, as here, an individual is delegated *all* the functions of an office that the government argues only has delegable functions." *Id.* at *12 (emphasis added). Significantly, however, the court made clear that it was *not* addressing whether Ms. Chattah could lawfully serve as a First Assistant (rather than an Acting U.S. Attorney) and emphasized that its holding was limited to the issues presented:

> Nothing in the Attorney General's order suggests that Chattah was delegated only a share—even a large share—of the U.S. Attorney's powers. . . . We need not decide what kinds of more limited delegations might be permissible in the absence of a Senate-confirmed U.S. Attorney. To resolve these cases, we hold only that that the Attorney General's authority to delegate does not permit him to vest all of the functions and duties of a vacant office in a single person.

*Id.* at *13.

---

[3] Indeed, this Court's § 3347 analysis specifically cited the Nevada district court decision, as well as the government's concession in this case that "the Department of Justice may not use Special Attorney and delegation statutes to designate someone as the Acting United States Attorney." 807 F. Supp. 3d at 1105.

4. Since the Ninth Circuit issued its decision in *Jackson* on August 17, two other significant events have occurred. First, on August 20, the government moved for a stay of the judgment in *Jackson*, *see* C.A. No. 25-6214, Dkt. 62, pending Supreme Court review, and stated that if such review were not granted (which it was not) that the government would seek "emergency relief from the Supreme Court to avoid the destabilizing interim effects" of the Ninth Circuit's holding. (The Ninth Circuit did, however, agree to stay its mandate.) Second, on August 21, the Second Circuit issued a decision essentially matching the Ninth Circuit on both the § 3345(a)(1) issue and the general-delegation issue.[4] Given the split with the Federal Circuit, *see Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328, 1336 (Fed. Cir. 2022), the government expects that all of this will be resolved by the Supreme Court during this upcoming October Term. In the meantime, although the government respectfully submits that the Ninth Circuit's decision was wrong, the government acknowledges that *Jackson* remains precedential unless or until it is reversed (or its judgment stayed) by the Supreme Court. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017).

5. *Jackson* is not inconsistent with any aspect of this Court's decision in *Ramirez*. *Jackson* held that a First Assistant cannot be put in after a vacancy arises to run the office either as an Acting U.S. Attorney under § 3345(a)(1) or as a "de facto" U.S. Attorney under a general-delegation theory. This Court said the same last year. Indeed, as laid out above, *Jackson* agreed with almost all of this Court's decision in *Ramirez*. *Jackson* did not address this Court's remedial discussion, or whether a First Assistant ineligible under the FVRA could continue to serve as First Assistant—as opposed to a "de facto U.S. Attorney"—because, according to the court, the issue was not raised. To be sure, First Assistant Essayli may be the highest-ranking DOJ lawyer in the U.S. Attorney's Office, and (like many in the office) he supervises others. But that cannot make him a "de facto" U.S. Attorney, and he does not purport to exercise "all of the functions of [that] office." *Jackson*, 2026 WL 2387099, at *12

---

[4] *See In re Grand Jury Subpoenas to the Office of the New York State Atty. Gen.*, —F.4th—, 2026 WL 2450485, *5–12 (2d Cir. Aug. 21, 2026) (addressing § 3345(a)(1)); *see also id.* at *13 ("[T]he FVRA's exclusivity provision bars . . . wholesale delegation. . . . To be clear, we have no occasion today to delineate when a partial delegation becomes an impermissible one."). On the delegation point, like the Ninth Circuit, the Second Circuit held that a delegation cannot be "so comprehensive" that a non-PAS officer "functionally occupies the vacant PAS office as the *de facto* acting officer," while "reaffirm[ing] that agency heads remain free to delegate a vast universe of delegable functions that reside in vacant PAS offices." *Id.* at *14.

(identifying certification of interlocutory appeals under 18 U.S.C.§ 3731, certification of juvenile prosecutions under 18 U.S.C. § 5032, and tax-information applications under 26 U.S.C. § 6103(i)(1)(B) as three duties of a U.S. Attorney that may not be delegable under the existing statutes and regulations). Nor has he purported to exercise all of the functions and duties of that office, following this Court's decision in *Ramirez* last October. *See, e.g.*, *United States v. Castro*, C.A. No. 25-6423 (voluntarily dismissing interlocutory appeal because Essayli signed the § 3731 certification as "Acting U.S. Attorney" after his term as Interim U.S. Attorney ended and before this Court's disqualification decision in *Ramirez*); *United States v. Skinner*, No. 25-5357 (same); *United States v. Pierce*, C.A. No. 25-7385 (voluntarily dismissing due to lack of a § 3731 certificate); *compare In re Grand Jury*, 2026 WL 2450485, at *15 (putative Acting U.S. Attorney was sole signatory on subpoenas, "never invoked his supposed authority as a delegee," and "identified himself solely as the Acting U.S. Attorney").

In short, *Jackson* agreed with this Court's § 3345 holding and general-delegation holding but did not reach the remedies issue. And on that issue, this Court got it right in its original decision. Holding that Essayli (or anyone else in the Office) cannot serve as Acting U.S. Attorney does not mean—and logically cannot mean—that he is somehow ineligible to prosecute cases or supervise others. He has the same authority to do so as anyone else in the Office. Every attorney in this Office, including Essayli, is ineligible to serve as Acting U.S. Attorney under this Court's holding; but every attorney in this Office still exercises the delegated power of the Attorney General. The Ninth Circuit's decision in *Jackson*, though it will likely not be the final word on the subject, says nothing to the contrary.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Alexander P. Robbins*

ALEXANDER P. ROBBINS
Assistant United States Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA